IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PALMETTO STATE ARMORY, LLC, *Plaintiff*, v. SHIELD ARMS, LLC, *Defendant*. | Civil Action No.: 3:23-cv-5890-SAL _____ **COMPLAINT FOR DECLARATORY JUDGMENT** JURY DEMAND |

**DECLARATORY JUDGMENT COMPLAINT**

Plaintiff Palmetto State Armory, LLC ("PSA"), by and through its attorneys, for its Complaint against Defendant Shield Arms, LLC. ("Defendant" or "Shield Arms"), alleges the following.

**NATURE OF THE ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, seeking declaratory judgment of non-infringement of United States Patent Number 11,747,102.

**THE PARTIES**

2. Plaintiff Palmetto State Armory, LLC is a limited liability company formed under the laws of the state of South Carolina, and has its principal place of business at 3760 Fernandina Rd., Columbia, South Carolina 29210.

3. Upon information and belief, Defendant Shield Arms, LLC is a Montana limited liability company having its principal place of business at 12291 Halversen Dr., Bigfork, Montana 59911. Upon information and belief, Defendant's registered agent for service is Seth Berglee, and the designated address for service is 12291 Halversen Dr., Bigfork, Montana 59911.

52390983 v1

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the rights and benefits of the laws of the State of South Carolina by engaging in systematic and continuous contacts with the State such that it should reasonably anticipate being haled into court here. For example, Defendant purposefully shipped its products to South Carolina for distribution and sale in South Carolina through PSA's retail and online stores. On information and belief, Defendant has also purposefully shipped its products to South Carolina for exportation from South Carolina through MGS, LLC. Defendant has also directed its patent enforcement activities towards this State by contacting PSA numerous times, alleging infringement of United States Patent Number 11,747,102, and demanding that PSA stop selling certain allegedly infringing products.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, has directed its business and/or enforcement activities at this judicial district, and because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

8. United States Patent Number 11,747,102 (the "Patent-in-Suit"), entitled "Increased Capacity Ammunition Magazine," names Brandon Michael Zeider, Seth Martin Berglee, Raymond Dean Brandly, and Cody Blighe Greenfield as the inventors and states an issue date of

September 5, 2023. Defendant purports to be the assignee of the Patent-in-Suit. A true and correct copy of the Patent-in-Suit is attached hereto as **Exhibit A**.

9. The Patent-In-Suit is related to an increased capacity firearm ammunition magazine with a metallic body that is dimensioned to compatibly replace a polymer or polymer-over-metal single stack magazine.

10. Of relevance to this Complaint, Claim 5 of the Patent-in-Suit reads:

A pistol magazine, comprising:

a metallic tubular body defining a hollow interior having a forward wall, a rearward wall, a first side wall, a second opposite side wall, an open top with feed lips, and a bottom removable closure member,

the forward wall having a longitudinally extending spacer projecting outwardly therefrom,

an edge in the first side wall or the second opposite side wall configured to interact with a magazine catch of a polymer frame pistol configured to accommodate a single stack polymer or polymer-over-metal magazine,

a first internal dimension between the forward wall and the rearward wall dimensioned to fit 9×19 mm cartridges,

a second internal dimension between the first side wall and the second opposite side wall dimensioned to fit 9×19 mm cartridges with a staggered arrangement of the cartridges,

the walls having a height dimension configured to fit within a handgrip of the polymer frame pistol with the bottom removable closure member configured to be located directly adjacent to the bottom of the handgrip when the magazine is inserted into the handgrip of the polymer frame pistol,

a first external dimension of the metallic tubular body from the forwardmost surface of the longitudinally extending spacer to the rearmost surface of the rearward wall to match the corresponding exterior dimension of the single stack polymer or polymer-over-metal magazine, and

a second external dimension of the metallic tubular body from the external surface of the first side wall to the external surface of the second opposite side wall to match the corresponding exterior dimension of the single stack polymer or polymer-over-metal magazine.

11. Defendant is in the business of manufacturing and selling firearms and firearms-related products, including pistol magazines.

12. PSA is also in the business of manufacturing and selling firearms and firearms related products, including pistol magazines.

13. PSA has developed a certain 9MM 15-round magazine for its PSA DAGGER MICRO pistol that is sold under SKUs A05-0005-00 and A05-0002-00 (the "Accused Magazine"). The Accused Magazine is a polymer-over-metal double stack magazine that has a polymer base and a separate polymer component on the front wall coupled to a thinner-walled metallic body.

14. On September 5, 2023, Defendant, through its attorney, Glenn Bellamy, sent PSA a cease and desist letter alleging that PSA's Dagger Micro 9mm 15-round magazine is infringing Claim 5[1] of the Patent-in-Suit. Defendant demanded that PSA "immediately cease and desist any further manufacture, sale, or offer to sell [of the Accused Magazine]." Defendant threatened that "continued infringement may be considered willful and expose Palmetto State Armory to liability for treble damages and/or attorney fees." A true and correct copy of the letter is attached hereto as **Exhibit B**.

15. On October 19, 2023, Defendant, through its attorney, again contacted PSA, through its counsel, and demanded that PSA "immediately cease sales of the [Accused Magazine]." *See* **Exhibit C**.

16. On October 24, 2023, Defendant, through its attorney, contacted PSA through its counsel and demanded to know "Are sales of the infringing [M]agazine being stopped?" and again alleged that "The [Patent-in-Suit] is being infringed" by the Accused Magazine. *See* **Exhibit D**.

---

[1] Defendant's attorney alleged infringement of Claim 25 of the Application for the Patent-in-Suit. Claim 25 would become Claim 5 of the issued Patent.

17. Based on the foregoing, a justiciable controversy exists between PSA and Defendant as to whether PSA infringes the Patent-In-Suit.

18. Absent a declaration of non-infringement, Defendant will continue to wrongfully allege that PSA infringes the Patent-In-Suit, and thereby cause PSA irreparable injury and damage.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the Patent-in-Suit)**

19. The allegations of paragraphs 1-18 are repeated and re-alleged as if set forth fully herein.

20. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

21. A judicial declaration is necessary and appropriate so that PSA may ascertain its rights regarding the Patent-in-Suit.

22. PSA does not infringe, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and enforceable claims of the Patent-in-Suit.

23. PSA does not infringe Claim 5 of the Patent-in-Suit at least because the Accused Magazine does not have "a metallic tubular body….having a forward wall…the forward wall having a longitudinally extending spacer projecting outwardly therefrom." The forward wall of the Accused Magazine does not have any spacer "projecting outwardly therefrom." The Accused Magazine includes a separate polymer component adjacent to the front wall of the magazine, which

cannot correspond to the metallic longitudinally extending spacer of the metallic forward wall, as recited in Claim 5: [2]



---

[2] The images below show two variations of the "Accused Magazine," that are substantially identical as it relates to the Patent-in-Suit.



**Images of the Accused Magazine**

24. PSA does not infringe Claim 5 of the Patent-in-Suit at least because the Accused Magazine does not have "an edge in the first side wall or the second opposite side wall configured to interact with a magazine catch of a polymer frame pistol configured to accommodate a single stack polymer or polymer-over-metal magazine." Claim 5 requires the claimed edge to be in one of the metallic side walls. The Accused magazine does not have an edge in the first side wall or second opposite side wall. The Accused magazine instead has a recess in the separate polymer component that engages an inner portion of a polymer frame pistol:





25. PSA does not infringe Claim 5 of the Patent-in-Suit at least because the Accused Magazine does not have "a first external dimension of the metallic tubular body from the forwardmost surface of the longitudinally extending spacer to the rearmost surface of the rearward wall to match the corresponding exterior dimension of the single stack polymer or polymer-over-metal magazine." The Accused Magazine does not include the claimed "longitudinally extending spacer," and therefore the external dimension from the forwardmost surface of the metallic tubular body to the rearmost surface of the rearward wall does not "match the corresponding exterior dimension of the single stack polymer or polymer-over-metal magazine." To the extent Defendant contends that the separate polymer component of the Accused Magazine corresponds to the claimed longitudinally extending spacer, the separate polymer component is not a metallic

longitudinally extending spacer projecting outwardly from the metallic forward wall, as is required by Claim 5:





26. PSA does not infringe Claim 5 of the Patent-in-Suit at least because the Accused Magazine does not include an "edge" that is "configured to interact with a magazine catch of a polymer frame pistol configured to accommodate a single stack polymer or polymer-over-metal magazine." As explained above, the Accused Magazine includes a recess in a separate polymer component that engages a magazine catch, but not a magazine catch of a pistol configured to accommodate a "single stack polymer or polymer-over-metal magazine." The Accused Magazine does not fit within a pistol frame that accommodates a "single stack" magazine, as required by Claim 5. Similarly, the Accused Magazine does not include the claimed "second external dimension" of Claim 5, which is required "to match the corresponding exterior dimension of the single stack polymer or polymer-over-metal magazine." The distance from the external surface of one side wall to the external surface of the other side wall of the Accused Magazine is larger than the "corresponding exterior dimension of the single stack polymer or polymer-over-metal magazine."

27. PSA does not infringe Claim 5 of the Patent-in-Suit at least because the Accused Magazine does not have "a metallic tubular body…having…a bottom removable closure member." Claim 5 requires a metallic bottom closure member. To the extent the Accused Magazine has a bottom closure member, such component of the Accused Magazine is made of polymer, not metal.



28.     For at least these reasons, PSA is therefore entitled to a declaratory judgment that PSA has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the Patent-in-Suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff PSA respectfully requests that the Court enter judgment:

a) Adjudging that PSA has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the Patent-In-Suit, in violation of 35 U.S.C. § 271;

b) Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees and all of persons in active concert or participation with any of them, from alleging, representing or otherwise stating that PSA infringes any claims of the Patent-In-Suit or from instituting or initiating any action or proceeding alleging infringement of any claims of the Patent-In-Suit against PSA or any customers, manufacturers, users, importers, or sellers of PSA's products;

c) Declaring PSA as the prevailing party and this case as exceptional, and awarding PSA its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

d) Ordering Defendant to pay all fees, expenses, and costs associated with this action; and

e) Awarding PSA such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

DATED:  November 16, 2023

                                      **BURR & FORMAN LLP**

                                      <u>/s/ Bernie W. Ellis</u>
                                      Bernie W. Ellis Fed. I.D. No. 5650
                                      104 South Main Street, Suite 700
                                      Greenville, SC  29601
                                      Tel: (864) 271-4940
                                      Fax: (864) 250-2040
                                      Email: bellis@burr.com

                                      *Attorneys for Plaintiff*


                                      **Ryan M. Corbett (*pro hac vice pending*)**
                                      Email:  rcorbett@burr.com
                                      BURR & FORMAN LLP
                                      One Tampa City Center, Suite 3200
                                      201 North Franklin Street
                                      Tampa, FL 33602
                                      Telephone:  (813) 221-2626

                                      *Counsel for Plaintiff*