IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| PALMETTO STATE ARMORY, LLC, | ) | Civil Action No. 3:23-cv-5890-JDA |
|  | ) |  |
| Plaintiff/Counterclaim Defendant, | ) |  |
|  | ) |  |
| vs. | ) | **THIRD AMENDED CONFERENCE** |
|  | ) | **AND SCHEDULING ORDER** |
| SHIELD ARMS, LLC, | ) |  |
| Defendant/Counterclaim Plaintiff. | ) |  |
|  | ) |  |
|  | ) |  |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the court hereby establishes the following schedule for this case.   Discovery may begin upon receipt of this Order.

1.    Rule 26(f) Conference: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) was held on **February 2, 2024**.[1] At the conference, the parties  conferred concerning all matters set forth in Fed. R. Civ. P. 26(f); whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary; and whether a confidentiality order is necessary and appropriate.[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, appended hereto. The parties propose generally following the pretrial schedule set forth in the Local Patent Rules for the Western District of North Carolina, as set forth below.

2.    Rule 26(a)(1) Initial Disclosures: No later than **February 20, 2024**, the required initial disclosures under Fed. R. Civ. P. 26(a)(l) shall be made.[3]

---

[1] Plaintiffs' counsel shall initiate scheduling of the Fed. R. Civ. P. 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] If the parties determine that a confidentiality order is necessary and appropriate, they should utilize the form found on the court's website (www.scd.uscourts.gov). Instructions for use of the form order are also located on the website. The parties may propose modifications, but such changes shall be drawn to the court's attention. Queries regarding use of the form should be directed to Judge Lydon's office.

[3] Pursuant to Fed. R. Civ. P. 26(a)(l), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(l) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29; Local Civil Rule 29.01 (D.S.C.).

1

53541993 v1

3.   Rule 26(f) Report: No later than **February 20, 2024,** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queriers to be answered in the Rule 26(f) Report.

4.   Amendment of Pleadings: Any motions by a party claiming patent infringement to join other parties or amend the pleadings shall be filed by **May 3, 2024**. Any motions by a party opposing a claim of patent infringement to join other parties and to amend the pleadings shall be filed by **June 3, 2024**.

5.   Patent Specific Deadlines:

   i     Serve Initial Infringement Contentions: Each party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" by **July 3, 2024**.

   ii    Serve Initial Invalidity and Non-Infringement Contentions: Each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions" and "Non-Infringement Contentions" by **September 2, 2024.**

   iii   Exchange Claim Terms for Construction: The parties shall simultaneously exchange a list of claim terms, phrases, or clauses that the party contends should be construed by the Court, and identify any claim element that the party contends should be governed by 35 U.S.C. § 112(6) by **September 23, 2024**.

   iv    Exchange Preliminary Claim Construction: The parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause that the parties collectively have identified for claim construction purposes, including a preliminary identification of extrinsic evidence, by **October 14, 2024**. Thereafter, the parties shall meet and confer for the purposes of narrowing the issues and finalizing preparation of a "Joint Claim Construction and Prehearing Statement".

   v     File Joint Claim Construction Statement: The parties shall complete and file a "Joint Claim Construction and Prehearing Statement" by **November 12, 2024**.

   vi    Close of Claim Construction Discovery: The parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the "Joint Claim Construction and Prehearing Statement" by **January 16, 2025**.

   vii   File Opening Claim Construction Briefs: Each party shall serve and file an opening brief and any evidence supporting its claim construction **by December 27, 2024**.

53541993 v1

viii     File Reply Claim Construction Briefs: Each party shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's opening brief **by February 12, 2025**.

ix     Claim Construction Hearing:  A claim construction hearing is scheduled for **March 10, 2025.** Counsel, parties, and witnesses should plan their schedules, including vacations, accordingly.

(a)    Serve Amended Infringement Contentions: Each party claiming patent infringement must serve on all parties an amended "Disclosure of Asserted Claims and Infringement Contentions" **by April 28, 2025.**

(b)    Serve Amended Invalidity and Non-Infringement Contentions: Each party opposing a claim of patent infringement shall serve on all parties its amended "Invalidity Contentions" and "Non-Infringement Contentions" **by June 3, 2025.**

(c)    File Supplemental Joint Claim Construction Statement: The parties shall complete and file a "Supplemental Joint Claim Construction and Prehearing Statement" by **June 11, 2025**.

x     Amended Infringement Contentions Served: After receiving the Claim Construction Order, each party claiming patent infringement must serve on all parties an amended "Disclosure of Asserted Claims and Infringement Contentions" by **30 days after issuance of the Court's Claim Construction Order ("CCO")**.

xi     Amended Invalidity and Non-Infringement Contentions Served: Each party opposing a claim of patent infringement shall serve on all parties its amended "Invalidity Contentions" and "Non-Infringement Contentions" by **60 days after CCO.**

xii     Advice of Counsel Defense Served: Each party opposing a claim of patent infringement that is intending to raise a defense based on the Advice of Counsel shall file and serve on all parties a written opinion of counsel by **120 days after CCO.**

xiii     Fact Discovery Closes: The parties shall complete all discovery relating to any facts at issue, including any depositions of any non-expert witnesses, by **180 days after CCO**.

6.    Expert Disclosures:

A.    The parties shall file and serve a document identifying by full name, address, and telephone number each person whom the parties expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ.

53541993 v1

P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **225 days after CCO**.

      B.      The parties shall file and serve a document identifying by full name, address, and telephone number each person whom the parties expects to call as a rebuttal expert at trial and certifying that a written rebuttal expert report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **255 days after CCO.**

7.      <u>Affidavit of Records Custodian:</u> Counsel shall file and serve affidavits of records custodian witnesses proposed to be present by affidavit at trial no later than 150 days after CCO. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. See Fed. R. Evi. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8.      <u>Discovery</u>: Claim Construction discovery shall be completed no later than **January 16, 2025.** Fact discovery shall be completed no later than **180 days after CCO.** Expert discovery shall be completed no later than **285 days after CCO**.  All discovery requests shall be served in time for the responses thereto to be served by the above dates. De bene esse depositions must be completed on or before the corresponding discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.).

      **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this Order are not affected.)**

9.      <u>Motions</u>: All dispositive motions, *Daubert* motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than *Daubert* motions), shall be filed on or before **330 days after CCO**.[1]

10.      <u>Rule 56 Conference:</u>  A Rule 56 Conference shall be held no later than 300 days after CCO.[2]

11.      <u>Mediation</u>: Mediation pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case **no later than 300 days after CCO**.[3] See attached form setting forth Mediation

---

[1] Motions for summary judgment shall comply with the attached form setting forth Summary Judgment Motion Procedures.

[2] Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outline in the attached form setting forth Summary Judgment Motion Procedures.

[3] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good

53541993 v1

Requirements. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the attached Mediation Initiation Form and return it to the Court no later than thirty (30) days prior to the mediation deadline.

12.    <u>Pretrial Disclosures</u>: No later than **<u>405 days after CCO</u>** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within 14 days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party, and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6). Deposition designations and counter-designations must specifically identify the portions to be offered, including page and line citations.

13.    <u>Trial</u>: This case will go to trial during the <u>first</u> term of court **<u>beginning no earlier than 430 days after CCO</u>**. Counsel, parties, and witnesses should plan their schedules, including vacations, accordingly.

**IT IS SO ORDERED.**

s/ Jacquelyn D. Austin
_____
Jacquelyn D. Austin
United States District Judge

Dated: ___May 19, 2025___
Columbia,  South Carolina

---

cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

53541993 v1